UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEWAYNE LUSTER,             )<br>                                         )<br>            Movant,             )<br>   vs.                                 )<br>                                         )<br>UNITED STATES OF AMERICA )  | No. IP 04-CR-74-B/F-08<br>1:08-cv-713-SEB-TAB |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Dwayne Luster ("Luster") seeks such relief with respect to his conviction in No. IP 04-CR-74-B/F-08.

Having considered the pleadings, the expanded record, and the parties' arguments, the court finds for the reasons explained in this Entry that Luster has failed to show that he is entitled to the relief he seeks and that his motion for that relief must therefore be **denied.**

**Background**

Luster was convicted after trial by jury of conspiring to possess cocaine with intent to distribute. *See United States v. Luster,* 480 F.3d 551 (7th Cir. 2007). Luster now seeks relief pursuant to § 2255. The scope of relief available under § 2255 is narrow.

Section 2255 is not a way to advance arguments that could have been presented earlier-especially not when the arguments rest entirely on a statute. *See Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291, 129 L.Ed.2d 277 (1994). Although § 2255 ¶ 1 permits a collateral attack on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States," only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a "complete miscarriage of justice" has occurred. *Reed*, 512 U.S. at 348, *quoting from Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962). Other "non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice." *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988).

*Young v. United States*, 124 F.3d 794, 796 (7th Cir. 1997). Thus, relief pursuant to § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

Luster seeks relief invoking the ubiquitous argument that he was denied the effective assistance of counsel at trial. Specifically, he claims that his counsel was ineffective by not: 1) giving adequate advice regarding a plea offer from the government; 2) arguing that Luster was only a minor participant in the drug conspiracy; 3) appealing the amount of drugs attributed to Luster; and 4) appealing the admission of evidence at trial relating to the process used to obtain authority to conduct wiretaps in the case.

## Discussion

The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684 (1984). The benchmark for judging any claim of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. The right to the effective assistance of counsel is denied when the performance of counsel falls below an objective standard of reasonable professional conduct and thereby prejudices the defense. *Yarborough v. Gentry,* 540 U.S. 1, 5 (2003) (citing *Strickland,* 466 U.S. at 687). For a petitioner to establish that his "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, he must make two showings: (1) deficient performance that (2) prejudiced his defense. *Strickland,* 466 U.S. at 687.

> Under *Strickland,* a defendant alleging ineffective assistance of counsel must show that trial counsel's performance fell below "an objective standard of reasonableness," 466 U.S. at 688, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Strickland[']s* first element requires proof that the petitioner's trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Our review of the attorney's performance is "highly deferential" and reflects "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). The second part of the *Strickland* inquiry requires a showing of prejudice, that is, proof that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. A "reasonable probability" of a different result is one sufficient to undermine confidence in the outcome." *Id.* at 694.

*Davis v. Lambert,* 388 F.3d 1052, 1059 (7th Cir. 2004). A failure to establish either prong would result in a denial of Luster's claim. *See Rastafari v. Anderson,* 278 F.3d 673, 688 (7th Cir. 2001).

*Plea Offer.* Luster had the right to the effective assistance of counsel in the plea negotiation process. *Hill v. Lockhart,* 474 U.S. 52, 57-58 (1985). The expanded record shows that a plea offer was made by the Government, that Luster was informed of the offer, and that Luster rejected the offer. Luster's attorney at the time made note that Luster's position "was not interested whatsoever in any plea agreement that required his testimony against Dramane Johnson." Even the significant nuances of any plea which might have been offered to Luster have no effect here; Luster was opposed to a plea which would require that he testify against Dramane Johnson. Even up until the day of trial, after all other parties had entered guilty pleas-- cooperation and a 5K1.1 motion were no longer at issue--the Government was willing to accord Luster two levels off for acceptance of responsibility. Nonetheless, as the note continues, "[a]fter long and laborious discussions, Luster refused the plea agreement and instructed [trial counsel] that he wished to proceed to jury trial."

Luster was not prejudiced by the actions of his attorney, who conveyed the offer made by the United States. Luster has shown neither deficient performance nor prejudice from his attorney's discussion of the plea offer from the United States. Luster was aware of the penalties he faced, which is shown through the proceedings when he was advised of the charges against him and the possible penalties associated with those charges.

*Participation in the Drug Conspiracy.* Luster argues that his counsel did not adequately argue that Luster was only a minor participant in the drug conspiracy. There is no basis in either the evidence or in Luster's present arguments for believing that such information could have been suggested in a credible manner. On the contrary, the Court of Appeals concluded that "ample evidence supported the jury's finding that Luster participated in an extensive cocaine distribution operation . . . [and the evidence further demonstrated] Luster placing frequent orders for large quantities of cocaine . . . ." *Luster,* 480 F.3d at 553. This shows that the necessary element of prejudice was absent. *See, e.g., Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success.").

*Appealing the Amount of Drugs Attributed to Luster.* In a related vein, Luster argues that counsel was ineffective in not appealing the amount of drugs attributed to Luster. Where a defendant claims that counsel failed to raise the correct issues on appeal, the question is whether appellate counsel failed to raise a significant and obvious issue without a legitimate strategic purpose. *Franklin v. Gilmore,* 188 F.3d 877, 884 (7th Cir. 1999). Thus, the court has examined the "trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mason v. Hanks,* 97 F.3d 887, 893 (7th Cir. 1996).

Luster was properly held liable for the reasonably foreseeable amount of drugs sold by his co-conspirators. *See United States v. Olson,* 450 F.3d 655, 685 (7th Cir. 2006); *Vega-Montano,* 341 F.3d at 618 (for purposes of sentencing, each participant is responsible for all drug transactions reasonably foreseeable). "Luster worked cooperatively with Johnson and Davis to distribute cocaine and was not merely in a 'buyer-seller' relationship with them, as he maintains." *Luster,* 480 F.3d at 553. Accordingly, Luster's specification of attorney ineffectiveness on appeal as to this point is without merit. *See, e.g., Hough v.*

*Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001)("It is not deficient performance to fail to raise an argument with no real chance of success.").

*Appealing the Admission of Evidence at Trial Relating to the Process Used to Obtain Authority to Conduct Wiretaps in the Case.* Luster claims that his trial counsel should have objected to the process used to obtain authority to conduct wiretaps in the case and that appellate counsel should have raised the wiretap issue on appeal. However, no valid basis for such an objection has been identified by Luster.

The record fully contradicts Luster's claim that he was not adequately represented, whether through preparation, investigation, professional responsibility, or otherwise. *See United States v. Gonzalez-Lopez,* 548 U.S. 140, 147 (2006)("The requirement that a defendant show prejudice in effective representation cases arises from the very nature of the specific element of the right to counsel at issue there–*effective* (not mistake-free) representation. Counsel cannot be 'ineffective' unless his mistakes have harmed the defense (or, at least, unless it is reasonably likely that they have). Thus, a violation of the Sixth Amendment right to effective representation is not 'complete' until the defendant is prejudiced.")(Emphasis in original.). His concerns with the performance of his attorney do not satisfy the *Strickland* standard. In particular, Luster has a steady obstacle in his way, as "conclusory allegations do not satisfy *Strickland*'s prejudice component." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002) (citing *United States v. Boyles*, 57 F.3d 535, 550 (7th Cir. 1995). With regard to this sort of conclusory remarks in relation to the ineffectiveness of counsel, the Seventh Circuit has keenly observed that

> criminal defendants frequently 'demonize' their lawyers. 'If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds.'

*Farr,* 297 F.3d at 657 (quoting *Burris v. Farley,* 51 F.3d 655, 662 (7th Cir. 1995)). This is inescapably true in Luster's case. He has failed to establish entitlement to relief as to his claim, based on either the performance prong or the equally-important requirement that he suffered prejudice. "The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what [counsel] did was within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas,* 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) (quoting *Strickland,* 466 U.S. at 689). Further, it was explained in *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997), that:

> [t]he question posed by *Strickland* [is] whether, taking all of the proceedings into account, counsel made "the adversarial testing process work in the particular case." [*Strickland,*] 466 U.S. at 690. Counsel must contest the prosecution's case and advance a good defense; if that role has been fulfilled, a writ of habeas corpus should not issue. *See Burris v. Parke,* 116 F.3d 256 (7th Cir. 1997).

Luster's counsel undoubtedly made the "testing process work."

**Conclusion**

       Luster's motion for relief pursuant to 28 U.S.C. § 2255 is **denied,** his request for an evidentiary hearing is **denied** because the record and file in this action show conclusively that he is not entitled to the relief he seeks, and judgment consistent with this Entry shall now issue. For the purpose of completeness, the court adds that Luster's filing of January 22, 2009, in No. IP 04-CR-74-B/F-08 (dkt 95) is nonsense and does not warrant any relief from his conviction in that case nor even any development as a supplement to his motion for relief pursuant to 28 U.S.C. § 2255.

       **IT IS SO ORDERED.**


Date: 03/26/2009

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana